**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CHIBUEZE C. ANAEME,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-12-CA-31-FM** |
| | § | |
| **UNITED STATES OF AMERICA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT**
**PREPAYING FEES OR COSTS AND DISMISSING CASE**

On this day, the court considered Chibueze C. Anaeme's ("Anaeme") "Application to Proceed in

District Court without Prepaying Fees or Costs" ("Motion for IFP") [ECF No. 1], filed January 30, 2012.

Pursuant to 28 U.S.C. § 1915 ("Section 1915") a court may allow a plaintiff to file a complaint without

prepaying the fees or costs ordinarily associated with filing suit, provided that the plaintiff submits an

affidavit demonstrating an inability to pay.[1]  Anaeme has sufficiently demonstrated that he lacks

sufficient funds to pay costs and filing fees at this time, and the court will grant his Motion for IFP

accordingly.

Section 1915 further provides, however, that a court must dismiss a cause of action if it

determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]  Dismissals

pursuant to Section 1915 are treated under the same standards as dismissals under Federal Rule of Civil

Procedure Rule 12(b)(6).[3]

Thus, as in a Rule 12(b)(6) analysis, the court looks to whether the plaintiff has pleaded "enough

---

[1] 28 U.S.C. 1915(a)(1); *see also Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (observing that 28 U.S.C. 1915(a)(1) applies to prisoners and non-prisoners alike).

[2] 28 U.S.C. 1915(e)(2)(B).

[3] *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (internal citation omitted).

facts to state a claim to relief that is plausible on its face."[4]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[5]  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[6]  Although the Court must accept well-pleaded allegations in a complaint as true, it does not afford conclusory allegations similar treatment.[7]  *Pro se* pleadings are afforded a liberal construction.[8]

Anaeme attaches a lengthy complaint to his Motion for IFP, naming nearly 200 people and entities as defendants.  Even read liberally, Anaeme's complaint does not satisfy the pleading requirement set forth in *Iqbal* and *Twombly*.  Although he cites to various provisions of the Federal Tort Claims Act as the foundation for his claims, the gravamen of Anaeme's complaint appears to be that he was not allowed access to his property stored in a privately owned and run self-storage facility in El Paso, Texas.[9]  Further, Anaeme alleges no facts to suggest he is entitled to recovery from the vast majority of defendants, which include many people who appear to have nothing to do with the storage facility.  For example, Anaeme names as defendants numerous state and federal government officials in San Diego, California,[10] but there are no facts in his complaint indicating how these officials had any

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

[6]  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d, 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted).

[7] *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[8] *See Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010).

[9] *See* Compl. at 76.

[10] Some of whom are absolutely immune from suit in any event.  *See, e.g.*, *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997) (observing that the Supreme Court has recognized absolute immunity for "judges performing judicial acts within their jurisdiction") (citation omitted).

connection to his alleged inability to access his property in El Paso.  Therefore, Anaeme has failed to make a "showing that [he] is entitled to relief,"[11] and the court will dismiss his case.

The court accordingly enters the following Orders:

1.      Anaeme's "Application to Proceed in District Court without Prepaying Fees or Costs" [ECF No. 1] is **GRANTED**.

2.      The Clerk of the Court is instructed to **FILE**, without prepayment of the filing fee, Anaeme's "Plaintiffs' [sic] Complaint for Damages," which is attached to his Motion for IFP at ECF No. 1-1.

3.      Anaeme's "Plaintiffs' [sic] Complaint for Damages is **DISMISSED WITHOUT PREJUDICE**.

4.      The Clerk of the Court is instructed to **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this **23rd** day of **February**, **2012**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[11] Fed. R. Civ. P. 8(a)(2).

3